Bryan Schwartz, SB# 209903
Adetunji Olude, SB# 264873
**BRYAN SCHWARTZ LAW**
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone:  (510) 444-9300
Facsimile:  (510) 444-9301
E-mail:  bryan@bryanschwartzlaw.com
             adetunji@bryanschwartzlaw.com

Attorneys for Plaintiffs and all others similarly situated

Leon Greenberg, SB# 226253
Dana Sniegocki, SB# 261212
**LAW OFFICE OF LEON GREENBERG**
2965 South Jones Boulevard #E-4
Las Vegas, NV 89146
Telephone:  (702) 383-6085
Facsimile:  (702) 385-1827
E-mail:  leongreenberg@overtimelaw.com
             dana@overtimelaw.com

Attorneys for Plaintiffs and all others similarly situated

Julie A. Vogelzang (SBN 174411)
Edward M. Cramp (SBN 212490)
Courtney L. Baird (SBN 234410)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619 744 2200
Facsimile:  619 744 2201
E-mail: jvogelzang@duanemorris.com
             ecramp@duanemorris.com
             clbaird@duanemorris.com

Attorneys for Defendants Von Curtis, Inc., P.M. Advanced Education Inc., Paul Mitchell Advanced Education LLC, John Paul Mitchell Systems, PMNV Las Vegas, LLC, PMCA Bakersfield, LLC, PMHBW LLC, Winn Claybaugh, John Paul DeJoria, Paul Mantea, D'Ann Evans, and Ann-Marie Safadi

1

**STIPULATION REGARDING TIMING OF MOTIONS FOR CLASS/COLLECTIVE ACTION CERTIFICATION AND TOLLING**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MORALES, BERENISA CORTES PALOMINOS, DYLAN THOMAS, JANETTE BARRERA, and FRANCES HANDCOCK, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>VON CURTIS, INC., P.M. ADVANCED EDUCATION INC., PAUL MITCHELL ADVANCED EDUCATION LLC, WINN CLAYBAUGH, JOHN PAUL DEJORIA, JOHN PAUL MITCHELL SYSTEMS, PAUL MANTEA, D'ANN EVANS, ANN-MARIE SAFADI, PMNV LAS VEGAS, LLC, PMCA BAKERSFIELD, LLC, PMHBW LLC, and "John Does," name fictitious, name and number unknown, doing business as "Paul Mitchell The School,"<br><br>Defendants. | Case No.: C 13-04996 SBA<br><br>**JOINT STIPULATION UNDER LOCAL RULE 7-12 REGARDING TIMING OF MOTION FOR FLSA CONDITIONAL CERTIFICATION AND CLASS CERTIFICATION AND TOLLING; [PROPOSED] ORDER**<br><br>Complaint filed: Oct. 25, 2013<br>Amended Complaint filed: Apr. 29, 2014<br>Judge: Hon. Saundra Brown Armstrong<br>Trial date: Not set |

Plaintiffs Jessica Morales, Berenisa Cortes Palominos, Dylan Thomas and Frances Handcock ("Plaintiffs") and Defendants Von Curtis, Inc., P.M. Advanced Education Inc., Paul Mitchell Advanced Education LLC, John Paul Mitchell Systems, PMNV Las Vegas, LLC, PMCA Bakersfield, LLC, PMHBW LLC, Winn Claybaugh, John Paul DeJoria, Paul Mantea, D'Ann Evans, and Ann-Marie Safadi (collectively "Defendants") hereby stipulate and agree as follows:

## RECITALS

WHEREAS, Plaintiffs filed an Amended Complaint in this Court on April 29, 2014, against Defendants;

WHEREAS, Defendants' Motion to Dismiss the Amended Complaint pursuant to Fed. Rule of Civ. P 12(b)(6) will be heard by the Court on July 29, 2014;

WHEREAS, in June 2014, the parties met and conferred regarding potential class action certification under Fed. Rule Civ. P. 23 and regarding potential

collective action certification under 29 U.S.C. §216(b);

WHEREAS, the parties agree that this lawsuit presents unique legal claims regarding whether or not the purported class members are employees of the Defendants, covered by the federal and state wage laws;

WHEREAS, counsel for both sides have spent considerable time and effort analyzing the most resourceful and efficient manner with which to approach discovery and certification motions relating to the case;

WHEREAS, all parties have agreed that it is in the best interests of judicial resources, time and effort to focus on the unique legal question at issue at the outset of the case and prior to the filing of a motion for conditional certification of a collective action or of a motion for class certification;

WHEREAS, all parties have agreed that there should be discovery and an opportunity for court resolution of the legal issue via summary judgment motions on whether the purported class members are employees of the Defendants covered by the wage laws prior to the filing of a motion for class or collective certification;

WHEREAS, all parties understand that while some matters relating to class certification may arise while performing discovery on the unique legal issues of whether the purported class members are employees covered by the wage laws, the main focus of the initial discovery should target the legal question, and discovery of such matters shall be thoroughly addressed in an agreed-upon discovery plan, which will be created for the case as part of the Case Management Statement required by the Court's February 19, 2014 Case Management Scheduling Order for Reassigned Civil Cases;

WHEREAS, the Court has scheduled a Case Management Conference to occur on August 7, 2014;

WHEREAS, the Parties agree to conduct limited initial discovery regarding the threshold legal issue of whether the purported class members are employees

1  covered by the wage laws in anticipation of Defendants' and Plaintiffs' summary
2  judgment motions;

3      WHEREAS the parties agree that if someone is deposed on the legal
4  questions that might relate to the summary judgment motions, Plaintiffs or
5  Defendants may also choose to depose him or her simultaneously regarding
6  questions that may bear upon class or collective action certification, rather than
7  requiring a deponent to reappear for deposition during a later phase of this litigation
8  – Plaintiffs and class members, in particular, will only be deposed once each;

9      WHEREAS, Defendants agree to toll the statute of limitations for Plaintiffs'
10 and putative class members' Fair Labor Standards Act ("FLSA") claims from the
11 date the Court issues an order granting this Stipulation to the date the Court issues
12 an order on any motion for summary judgment.  By agreeing to this stipulation,
13 Defendants do not waive objections they have to Fed. R. Civ. P. 23 regarding FLSA
14 collective action certification, except that Defendants expressly waive any
15 arguments that such certification is improper because it would permit putative class
16 members to choose to participate in the class based upon their knowledge of the
17 Court's prior summary judgment ruling and thus, would amount to permitting a so-
18 called "one way" intervention as discussed in *American Pipe & Construction Co. v*
19 *Utah,* 414 U.S. 538, 547 (1974), and other related cases.

## STIPULATION

21     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by
22 and between Plaintiffs and Defendants through their respective undersigned counsel,
23 that Plaintiffs shall not file any class action certification or collective action
24 certification motions under the FLSA and/or Fed. R. Civ. P. 23 until such time as
25 ordered by the Court in the Case Management Order.  Initial discovery shall be
26 focused on the legal issue of whether or not the purported collective and class action
27 members are employees of the Defendants covered by the wage laws to allow the
28

parties to litigate that issue through summary judgment, and the statute of limitations for Plaintiffs' and putative class members' FLSA claims is tolled from the date the Court issues an order granting this Stipulation to the date the Court issues an order on any motion for summary judgment.

**IT IS SO STIPULATED.**

Dated: June 19, 2014     **DUANE MORRIS LLP**

By:/s/Julie A. Vogelzang
Julie A. Vogelzang
Edward M. Cramp
Courtney L. Baird
Attorneys for Defendants VON CURTIS, INC., P.M. ADVANCED EDUCATION INC., PAUL MITCHELL ADVANCED EDUCATION LLC, JOHN PAUL MITCHELL SYSTEMS, PMNV LAS VEGAS, LLC, PMCA BAKERSFIELD, LLC, PMHBW LLC, WINN CLAYBAUGH, JOHN PAUL DEJORIA, PAUL MANTEA, D'ANN EVANS, and ANN-MARIE SAFADI

Dated: June 19, 2014     **BRYAN SCHWARTZ LAW**
**LAW OFFICE OF LEON GREENBERG**

By:/s/ Bryan Schwartz
Bryan Schwartz
Attorneys for Plaintiffs
JESSICA MORALES, BERENISA CORTES PALOMINOS, DYLAN THOMAS, JANETTE BARRERA, and FRANCES HANDCOCK

ATTESTATION: Pursuant to Civil L.R. 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories thereto.

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 6/24/2014     _/s/ Saundra B. Armstrong_
JUDGE, U.S. DISTRICT COURT